MARK BRNOVICH
ATTORNEY GENERAL

LISA M. HEMANN (024703)
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2926
(602) 542-8346
Fax: (602) 542-3393
Lisa.Hemann@azag.gov
DefensePhx@azag.gov

*Attorneys for State Defendants*

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebone Leroy East; and Shamika S. Byrd, | Case No: 2:17-cv-01685-GMS |
| Plaintiffs, | **STATE DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

State Defendants Reply to Plaintiffs' Opposition to State Defendants (sic) Motion to Dismiss (Doc. 19) and request that the Court grant the Motion to Dismiss and dismiss Plaintiffs' lawsuit with because (1) Plaintiffs failed to adequately address State Defendants' argument concerning proper parties to the action; (2) Plaintiffs fail to establish that they filed a proper notice of claim with the parties to the lawsuit; (3) Plaintiff East lacks standing for any claims arising out of the alleged violations; and (4) Plaintiffs fail to provide allegations giving rise to the various Constitutional violations. This Reply is supported by the following Memorandum of Points and Authorities.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

### A. <u>DCS and the State Are Improper Defendants.</u>

Plaintiffs' Response argues that both DCS and the State are proper defendants because the Plaintiffs have sued Defendant Frausto in both her individual and official capacity. This response misunderstands the arguments about both DCS and the State. First, since DCS is a non-jural entity, it cannot be a party to a lawsuit. Whether and which capacity Defendant Frausto is sued has nothing to do with the analysis in this case.

Second, since claims under 42 U.S.C. § 1983 can only be brought against individuals, and the State is not an individual, the State is also not a proper defendant. (The same would hold true for DCS, if it were a jural entity.) Again, the fact that Plaintiffs named Frausto as a defendant does not impact the analysis concerning the entities. Although State Defendants also seek dismissal of all claims against Frausto, they do so on other grounds. Therefore, Plaintiffs fail to adequately address the fact that DCS and the State are improper parties and they should be dismissed from this action with prejudice.

### B. <u>Plaintiffs Fail To Establish Compliance With A.R.S. § 12-821.01</u>

Plaintiffs' Response attaches a letter purportedly submitted to Jennifer K., who is an employee at the Governor's Office. First, this letter does not constitute a proper notice of claim. Arizona's notice of claim statute requires that the notice of claim "contain facts sufficient to permit the public entity…to understand the basis on which liability is claimed. The Claim shall also contain a specific amount for which the claim can be settled and facts supporting that amount." A.R.S. § 12-821.01.

Second, Plaintiffs failed to properly serve the notice of claim. A notice of claim must be filed with the person or persons authorized to accept service for that specific public entity and the specific public employee. *Id.* Rule 4(j)(2)(B), Fed. R. Civ. P., provides that a state or state-created governmental organization is served by serving a

2

copy in the manner prescribed by the state's law for serving a summons or like process on such a defendant. Rule 4.1(h), Ariz. R. Civ. P., requires that service upon the State be made by serving the Attorney General. Here, the letter Plaintiffs submit as their notice of claim is not addressed to Defendant Frausto, and Plaintiffs have submitted no other evidence that they served it on her. To the extent that Plaintiffs seek state law claims against the State of Arizona, they were required to have served the notice of claim on the Arizona Attorney General's Office, not the Office of the Governor.

### C. **Plaintiff East Lacks Standing**

Pursuant to Article III of the U.S. Constitution, an essential predicate to bringing suit is that a plaintiff must have standing to do so. *Pritikin v. Dept. of Energy*, 254 F.3d 791, 796 (9th Cir. 2001). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To possess standing, a plaintiff must show three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61(1992) (internal citations and quotations omitted).

Here, although the incident that gave rise to the initial investigation was the death of both Plaintiffs' three-month-old son, Plaintiff East fails to allege, much less establish, that he has parental rights to the remaining children who were the subject of the DCS

investigation.[1]  If Plaintiff East was not the parent of the children, then he cannot claim to have been deprived of his Fourteenth Amendment rights as their parent.

Moreover, throughout Plaintiffs' pleadings and the Response to the Motion to Dismiss, Plaintiffs' claims always concern rights belonging to Plaintiff Byrd.  There is never any correlation between the rights allegedly violated and Plaintiff East.

For all the foregoing reasons, Plaintiff East lacks standing to bring this lawsuit.

### D. Plaintiff Fail to Allege Facts Giving Rise To Any Claims

As State Defendants argued in the Motion to Dismiss, Plaintiffs failed to allege any facts supporting claims for violations of the First, Fourth, Fifth, Eighth, or Fourteenth Amendments.  Plaintiffs' Response does not respond to this argument other than to recite the same content from the original complaint (Doc. 1) and supplemental materials (Doc. 11).

### E. Defendant Frausto Is Entitled To Qualified Immunity

Even if Plaintiffs somehow managed to state a claim against the only proper defendant, Defendant Frausto, she would still be entitled to the protections afforded under the doctrine of qualified immunity.  It is the Plaintiffs' burden to prove that a clearly established right has been violated by Defendant Frausto.  *See Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014).  Here, the fact that Plaintiffs have argued that Defendant Frausto's actions were deliberate is insufficient to overcome the protections afforded to her.  Moreover, Plaintiffs simply fail to allege any facts that objectively suggest that Defendant Frausto – as opposed to DCS generally – violated any clearly established rights.

/ / /

/ / /

---

[1] In fact, the "notice of Proposed Substantiation of Child Safety Report and Case Closure" cited by Plaintiff supports the fact that East was not their father since it was only addressed to East and stated that his "Child Safety case will be closed."  The notice later states that "DCS found credible evidence supporting the allegations."  (Doc. 11 at 7.)  The significance of this statement is that the case in connection with Plaintiff Byrd would be and still is ongoing.

4

**CONCLUSION**

For these reasons, State Defendants respectfully request that their Motion to Dismiss be granted and the case dismissed with prejudice.

DATED this 31st day of July, 2017.

                                              MARK BRNOVICH
                                              ATTORNEY GENERAL

                                              / s / Lisa M. Hemann
                                              LISA M. HEMANN
                                              Assistant Attorney General
                                              *Attorneys for State Defendants*

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 31st day of July, 2017:

Ebone Leroy East
General Delivery
Scottsdale, AZ 85257
*Plaintiff Pro Per*

Shamika S. Byrd
General Delivery
Scottsdale, AZ 85257
*Plaintiff Pro Per*

/ s / L.Hemann
Secretary to Lisa Hemann
6091274